Alexander Berman, J.
In this probate proceeding it appears that a child, now about 12 years of age, was born to the testatrix after the execution of her will on November 30,1954. The mother died on October 2, 1970 and was also survived by an adult son.
The supplemental petition by the son requests that the decree “reserve the rights that [the after-born] may have to take against the last Will and Testament of the decedent herein.” The after-born child was not provided for by any settlement, and she was neither provided for nor in any way mentioned in the will. Therefore, under EPTL 5-3.2 she is entitled to a portion of the estate, the extent of her interest therein being governed by said statute.
The son of the testatrix was under 21 years of age when she executed the will. Provision was made in the will for him but his share was placed in trust during minority. EPTL 5-3.2 (subd. [a],par. [1], subpar. [B], els. [ii] and [iii]) directs: “ (ii) The after-born child shall receive such share of the * * * estate * * * as [s]he would have received had the testat[rix] includ[ed] * * * (the after-born) with the [child] upon whom benefits were conferred under the will, and given an equal share of the estate to * * * such child. “ (iii) To the extent that it is feasible, the interest of the after-born # * shall be of the same character, whether an equitable or legal life estate or in fee, as the interest which the testat[rix] conferred upon [her] [child] under the will.” (Emphasis and matter in brackets supplied.)
*412 As a result of the statute, the after-horn daughter is clearly entitled to an equal share with her half-brother, hut her share must be held in trust until she reaches the age of 21 because the interest conferred upon the other child by the will had the character of such an express trust.
The decedent’s father was named in the will as executor and as trustee but he is not living. The court is informed that one, James Dorman, named in the will as substitute executor and trustee and who renounced as executor but not as trustee, is not able to serve as trustee. Accordingly, the court directs that, upon the filing of a renunciation, the parties should suggest a suitable person to qualify as trustee in his place, preferably someone not having a conflict of interest. Such appointment may, however, he postponed until the time for distribution.
Settle decree on five days’ notice, with three additional days if service is made by mail, admitting the will to probate, directing letters testamentary to issue, and providing for the interest of the daughter to be paid over to an appropriate trustee to be held and administered until she becomes 21 years of age on the same conditions as directed in the will and with the same benefits as were thereunder conferred upon the son.